**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

Rachael Treshan and Robert
Banks                                                    **Docket No.**
                                    **Plaintiff**


  -against-


Midland Credit Management, Inc.                **COMPLAINT AND DEMAND FOR**
                                                                    **JURY TRIAL**
                                    **Defendant**
_____ X        **Unlawful Debt Collection Practices**

                                                          **TRIAL BY JURY DEMANDED**


      Plaintiffs, by their attorney Joseph Mauro, complaining of the Defendant
respectfully alleges and shows to the Court as follows:


## I. INTRODUCTION

      1. The Defendant debt collector violated the Plaintiffs' right to privacy in an

attempt to collect an alleged consumer debt. The Defendant persistently used a robo-dialer

to call the Plaintiffs' cellular phone, despite demands that the calls stop.

      2. This is an action for damages brought by two individual consumers for

Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

(hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C.

Section 227 et seq..

      3.      According to 15 U.S.C. 1692:

(a)      There is abundant evidence of the use of abusive, deceptive, and unfair debt
collection practices by many debt collectors.  Abusive debt collection practices
contribute to the number of personal bankruptcies, to marital instability, to the loss
of jobs, and to invasions of individual privacy.

(b)      Existing laws and procedures for redressing these injuries are inadequate to protect
consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.  Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Rachael Treshan, is a natural person residing in Suffolk County, New York.  Plaintiff is a consumer as defined by the FDCPA.

6.  Plaintiff, Robert Banks, is a natural person residing in Suffolk County, New York.  Plaintiff is a consumer as defined by the FDCPA

7.  Defendant, Midland Credit Management, Inc. (Midland) is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

11. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiffs repeats paragraphs "1" through "11" as if fully restated herein.

13. Plaintiff Rachael Treshan is alleged to have incurred a consumer debt. ("the debt"). The alleged debt of was incurred for personal, family, or household services, and not for any business purpose. Rachael Treshan has never owned a business and has never incurred any business debt. Plaintiff Robert Banks is the step-father of Plaintiff Rachael Treshan.

14. At some point unknown to Plaintiffs, Defendant alleges to have acquired the right to attempt to collect such debt from Plaintiff Rachael Treshan.

15. Defendant and Plaintiffs have no personal or business relationship. All communications between the Plaintiffs and the Defendant were in connection with the collection of the alleged debt.

16. Defendant utilizes an automatic telephone dialing system to telephone consumers.

17. Defendant utilizes telephone equipment capable of delivering a automated and/orpre-recorded messages to the recipient of the calls.

18. Within the three years preceding the filing of this action, the Defendant persistently telephoned the Plaintiffs' cellular telephones without the Plaintiffs' consent.

19. Within the three years preceding the filing of this action, the Defendant telephoned the Plaintiff's cellular telephone using an automatic telephone dialing system.

20. Upon speaking to the Defendant, the Plaintiff Rachael Treshan demanded that the Defendant stop calling her. The Plaintiff demanded that the Defendant send any claims to her in writing so that she could show it to her attorney.

21. Despite the Plaintiff Rachael Treshan's demands to stop calling her, and despite Rachael Treshan informing the Defendant that she had an attorney, the Defendant continued to call the Plaintiff.  The Defendant also began to call the Plaintiff's relative, co-Plaintiff, Robert Banks.

22. Plaintiff Robert Banks has no relationship with the Defendant.

23. The Plaintiff Robert Banks never authorized the Defendant to call his cellular phone.

24. The Defendant called Robert Banks' cellular phone numerous times with an automatic telephone dialing system.

25. The Defendant calls were harassing and abusive in that the Defendant called multiple times after being directed not to call. Additionally, the Defendant called the cellular phone of Robert Banks numerous times despite the fact that Plaintiff Banks is not even alleged to owe the alleged debt.

26. The Defendant did not receive any direct communication from either Plaintiff authorizing the Defendant to telephone the Plaintiffs' cellular phone.

27. The Defendant's actions invaded the privacy of the Plaintiffs in that the calls disturbed the Plaintiffs' right to be left alone. The consistent illegal use of the intruded on the seclusion of the Plaintiffs in the manner that the TCPA was intended to protect.

28. The Defendant interfered with the Plaintiffs use of their cellular phones, a right that the Plaintiffs paid money to secure.

29. Plaintiffs were charged for the calls that Defendant made to their cellular phones.

30. The Defendant did not send the notice required by 15 USC 1692g.

31. On information and belief, the Defendant did not include the notices provided by 15 USC 1692e(11) in each phone calls made.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

32.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

33.  Defendant's actions as described herein violated the following provisions of the FDCPA:

a. 15 USC 1692e

b. 15 USC 1692e(10)

c. 15 USC 1692e(11)

d. 15 USC 1692d

e. 15 USC 1692d(5)

f. 15 USC 1692 b(1)

g. 15 USC 1692b(3)

h. 15 USC 1692c(b)

i. 15 USC 1692c(a)

j. 15 USC 1692g

## VI.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

34.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

35.  Within the three years preceding the filing of this action, the Defendant made numerous calls to the Plaintiffs' cellular telephone service using any automatic telephone dialing system and delivered a pre-recorded message in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

36. The Defendant did not have the prior express consent of Plaintiffs to use an automatic telephone dialing system to call the Plaintiffs' cellular telephone.

37. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiffs are entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiffs.

38. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

39. Pursuant to the 47 U.S.C. Section 227 b (3) the Plaintiff is entitled to an injunction prohibiting the Defendant from using an automated telephone dialing system to call the Plaintiffs' cellular phone and prohibiting the Defendant from initiating a call to the Plaintiff's cellular phone using an automatic telephone dialing system.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages under the FDCPA;

2. Statutory damages pursuant to the FDCPA and the TCPA;

3. Costs and reasonable attorney's fees;

4. An injunction as described herein;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiffs demand trial by jury in this action.

/s/ Joseph M. Mauro
Attorney for Plaintiff